IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03152-BNB

STEVEN L. HARVEY, a.k.a. Steven L. Harvey Imam Abdullah El Al Rasheed Imam
      Muhammad M. Abdullah El Imam El Al Rasheed Dhul Habeeb El Haqqa al
      Ahzab al vicegerence Sheik of the Mooronia American Nation al-Ahzab Al-Saffat,

      Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,
JEFFERSON COUNTY DENTENTION [sic] FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN SUTHERS,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Steven L. Harvey, currently is placed at the Colorado Mental Health Institute in Pueblo, Colorado. He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on December 5, 2011. Pursuant to the Order to Cure Deficiency, Mr. Harvey filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on December 14, 2011. He has paid the $5.00 filing fee in a habeas corpus action.

The Court must construe the Amended Application liberally because Mr. Harvey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harvey will be ordered to file a Second and Final Amended Application.

The Amended Application Mr. Harvey submitted to the Court on December 14 is deficient. First, the Amended Application is illegible. Second, to the extent the Court is able to read the claims Mr. Harvey asserts on Pages Five and Six, they are unintelligible. For example, as his first claim, Mr. Harvey alleges the following:

> I'm the secured party - free holder to this isnt [sic] me MUHAMMAD ABDULLAH can't be tried twice for the same crime original charges . . . and violation of speedy trial. There are no natural human beings described for a CORPORATION - as a color - These are Black under Ex Post Facto Laws of the 14th and 15th Amendments since 1865 - We are "Natural Moors" Mooronia American Nation al-Ahzab Al-Saffat.

Amended Application at 6. Mr. Harvey's second and third claims are similarly confusing and unintelligible. As a result, the Court finds that the Amended Application fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Harvey go beyond notice pleading. *See Blackledge v. Allison*,

431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). On the Second and Final Amended Application, Mr. Harvey must allege both the constitutional claims he seeks to raise and the specific facts to support each asserted claim. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Harvey file a Second and Final Amended Application that complies with this Order. It is

FURTHER ORDERED that Mr. Harvey shall obtain the court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Harvey fails within the time allowed to file a Second and Final Amended Application as directed, the action will be dismissed without further notice.

DATED December 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge