IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03152-BNB

STEVEN L. HARVEY, a.k.a. Steven L. Harvey Imam Abdullah El Al Rasheed Imam
        Muhammad M. Abdullah El Imam El Al Rasheed Dhul Habeeb El Haqqa al
        Ahzab al vicegerence Sheik of the Mooronia American Nation al-Ahzab Al-Saffat,

        Applicant,

v.

JEFFERSON COUNTY DENTENTION [sic] FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN SUTHERS,

        Respondents.

_____

ORDER OF DISMISSAL

_____

        Applicant, Steven L. Harvey, is a prisoner who currently is incarcerated at the

Colorado Mental Health Institute in Pueblo, Colorado.  He initiated this action by filing an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on December 5,

2011.  Pursuant to Magistrate Judge Boyd N. Boland's Order to Cure Deficiency, Mr.

Harvey filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 on April 28, 2011.  He has paid the $5.00 filing fee in a habeas corpus action.

        On December 19, 2011, Magistrate Judge Boland determined that the Amended

Application was deficient because Mr. Harvey's claims were confusing and unintelligible.

Therefore, Mr. Harvey was directed to file a Second Amended Application, which he

submitted to the Court on January 23, 2012.

The Court must construe the Second Amended Application liberally because Mr. Harvey is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Second Amended Application and the action will be dismissed.

The Second Amended Application is difficult to decipher and nearly unintelligible. Mr. Harvey appears to be challenging his conviction in Jefferson County Court Case No. 11-CR-01640.  As his first claim, Mr. Harvey asserts: "I am a citizen of all free national governments according to their national constitution are of one family bearing one free national name see date at 1774."  Second Amended Application at 5.  Second, Mr. Harvey asserts: "Proclaim proper status and jurisdiction Mooronia American nation al-ahzab al-saffat . . . . How the word Black can find no formal place within the nationalities of the human family and still can be made a citizen of any free national constitutional government (cant)?"  *Id.* at 6.  Mr. Harvey apparently asserts that the trial court lacked jurisdiction to convict him because of his status as a "Mooronia American Nation".  *Id.* at 9.

A claim is frivolous if it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed.  *Id.*  In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Court authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief.  *See* Rule 4.  Rule 4 has also been found to permit *sua sponte* dismissal of a habeas petition that raises legally frivolous claims or factual allegations that are palpably incredible or false.  *See, e.g., Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition "to state facts that point to a real possibility of a constitutional error").

In this case, the fact that Mr. Harvey has labeled himself as a "Mooronia American Nation" does not change him from a human, natural person to a legal entity thereby depriving the state court of jurisdiction to prosecute him for criminal offenses. "Jurisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman, or by the use of special seals or 'Apostilles' on documents, or by the recital of Special Words, Phrases or Arcane Incantations, whether capitalized in written text or not." *Richmond v. Wampanoag Tribal Court Cases*, 431 F.Supp.2d 1159, 1183 (D. Utah. 2006) (citation and footnote omitted).  Therefore, the Court finds that Mr. Harvey's allegation that the state court lacked jurisdiction to prosecute him because he is a "Mooronia American Nation" is factually frivolous because the argument is "wholly incredible." *Denton*, 504 U.S. at 33.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

3

(1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Second Amended Application and the action are dismissed as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of ___January___, 2012.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court